**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DANIEL SHEEHAN,<br><br>               Plaintiff,<br><br>- against -<br><br>HARLEY-DAVIDSON MOTOR COMPANY, INC.,<br><br>               Defendant. | Case No. 1:25-mc-00522 |

**MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY DANIEL SHEEHAN'S
<u>MOTION TO QUASH THE ARBITRAL SUBPOENA</u>**


Robert Haney, Jr.
Foley Hoag LLP
1301 Avenue of the Americas
New York, NY 10019
Tel: (212) 812-0399
rhaney@foleyhoag.com

*Counsel for Non-Party Daniel Sheehan*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................................ ii
PRELIMINARY STATEMENT ...................................................................................................1
PARTIES .......................................................................................................................................1
JURISDICTION AND VENUE ....................................................................................................1
FACTUAL AND PROCEDURAL BACKGROUND....................................................................2
ARGUMENT .................................................................................................................................3
     I.     The Subpoena Violates Fed. R. Civ. P. 45(c)(1)(A)................................................4
CONCLUSION...............................................................................................................................5

# TABLE OF AUTHORITIES

**Cases**

*Alessi Equip., Inc. v. Am. Piledriving Equip., Inc.*,
   2022 U.S. Dist. LEXIS 99812, at *2 (S.D.N.Y. Jun. 2, 2022) .................................................. 4

*Broumand v. Joseph*,
   522 F. Supp. 3d 8, 23 (S.D.N.Y. 2021) ............................................................................... 2, 4

*Integrity Ins. Co. v. American Centennial Ins. Co.*,
   885 F. Supp. 69, 72 (S.D.N.Y. 1995) .................................................................................. 2, 3

*Ping-Kuo Lin v. Horan Cap. Mgmt., LLC*,
   2014 U.S. Dist. LEXIS 114631, at *1 (S.D.N.Y. Aug. 13, 2014) ............................................. 5

**Statutes**

28 U.S.C. § 1332 ................................................................................................................................ 2

9 U.S.C. § 7 ............................................................................................................................. 1, 2, 3

Federal Rule of Civil Procedure 45 (d) ........................................................................................... 4

Federal Rule of Civil Procedure 45 (c) ...................................................................................... 3, 4

## PRELIMINARY STATEMENT

Non-party Daniel Sheehan, by and through his undersigned counsel, Foley Hoag LLP, respectfully submits this memorandum of law and accompanying affidavit in support of his motion under Federal Rule of Civil Procedure 45 to quash the arbitral subpoena issued by arbitrator Usher Winslett. This subpoena commands Mr. Sheehan's attendance as a witness at a hearing in December 2025 in New York, New York (the "Summons" or "Subpoena"),[1] in connection with the matter entitled *Harley-Davidson Motor Company, Inc. v. Proterial Cable America, Inc. (F/K/A Hitachi Cable America Inc.)*, AAA Case No. 01-25-0001-5257.

## PARTIES

Plaintiff Daniel Sheehan is a resident of Michigan.

Defendant Harley-Davidson Motor Company, Inc., a party to the underlying arbitral proceeding, is a corporation organized under the laws of Wisconsin, with its principal place of business in Milwaukee, Wisconsin.

Proterial Cable America, Inc., a party to the underlying arbitral proceeding, is a New York corporation that manufactures and sells various cable, wire, and tubing products and components. It has its principal place of business in Purchase, NY.

## JURISDICTION AND VENUE

This action is brought pursuant to the FAA, 9 U.S.C. § 7, which reads:

> if any person or persons so summoned to testify shall refuse or neglect to obey said [arbitral] summons, upon petition the United States district court for the district in which such arbitrators . . . are sitting may compel the attendance of such person . . . before said arbitrator . . ., or punish said person or persons for contempt.

9 U.S.C. § 7.

---

[1] A copy of the summons is attached as Exhibit A to the Declaration of Robert Haney that accompanies this motion.

New York federal courts also have the authority to quash any improperly issued arbitral summons. *See Integrity Ins. Co. v. American Centennial Ins. Co.*, 885 F. Supp. 69, 72 (S.D.N.Y. 1995) ("[i]mplicit within the power to compel compliance with an arbitrator's summons must be the power to quash that summons if it was improperly issued").

Subject matter jurisdiction is proper in this Court pursuant to 9 U.S.C. § 7 and 28 U.S.C. § 1332 given diversity of citizenship and that the amount in controversy exceeds $75,000.

The hearing at issue is to take place in New York. That is the judicial district in which the arbitrator is "sitting" for the purposes of the summons. *See Broumand v. Joseph*, 522 F. Supp. 3d 8, 23 (S.D.N.Y. 2021) ("[T]he reason petitioner brought this enforcement action in the Southern District of New York is because the arbitrator issued the subpoenas while sitting in this District.").

## FACTUAL AND PROCEDURAL BACKGROUND

The Subpoena at issue in this matter relates to an arbitration currently pending before the American Arbitration Association captioned *Harley-Davidson Motor Company, Inc. v. Proterial Cable America, Inc. (F/K/A Hitachi Cable America Inc.)*, AAA Case No. 01-25-0001-5257 (the "Arbitration"). Declaration of Robert Haney ("Haney Decl.") ¶ 4. In that dispute, Harley-Davidson seeks to recover purported losses substantially in excess of the amount-in-controversy requirement of $75,000 that it claims it lost as a result of PCA's actions. Haney Decl. ¶ 5. Mr. Daniel Sheehan is a former employee of Proterial Cable America, Inc. ("PCA"), and counsel for Harley-Davidson Motor Company, Inc. ("Harley-Davidson") seeks the testimony of Mr. Sheehan. Haney Decl. ¶¶ 6-7.

The circumstances underlying the Arbitration involve PCA's production of custom designed brake hose assemblies for use in Harley-Davidson's motorcycles. A brake hose assembly delivers fluid so that when a motorcycle rider applies the brakes, pressure is delivered

2

to the brake caliper, which, in turn, creates the friction that stops the rotation of a motorcycle's wheel.

At the time of the events giving rise to the underlying arbitration, Mr. Sheehan was employed at PCA. He worked and lived in Michigan at the time and continues to do so now. On March 10, 2023, Mr. Sheehan resigned from PCA.

Harley-Davidson initiated the Arbitration with the filing of its Demand on March 24, 2025, more than two years after Mr. Sheehan's departure from PCA. Following the issuance of the Summons, in October 2025, one or more process servers attempted service on Mr. Sheehan. None of these attempts at service were successful, but counsel for Mr. Sheehan eventually received a copy of the Subpoena.

## ARGUMENT

Arbitrator Winslett issued the Subpoena according to the authority granted to him by Section 7 of the United States Arbitration Act. According to the Act, "if any person or persons so summoned to testify shall refuse or neglect to obey said summons, upon petition the United States district court for the district in which such arbitrators, or a majority of them, are sitting may compel the attendance of such person or persons before said arbitrator or arbitrators." 9 U.S.C. § 7. New York federal courts also have the authority to *quash* any improperly issued arbitral summons. *See Integrity Ins. Co. v. American Centennial Ins. Co.*, 885 F. Supp. 69, 72 (S.D.N.Y. 1995) ("[i]mplicit within the power to compel compliance with an arbitrator's summons must be the power to quash that summons if it was improperly issued"). The Southern District of New York has also held that the court may "consider a petition to quash [without any] requirement that a petition to compel be made first." *See id.*

This Court should quash the Summons issued to Mr. Sheehan because the Subpoena violates Federal Rule of Civil Procedure 45 (c)(1)(A) since it commands Mr. Sheehan's

3

attendance at a hearing more than 100 miles from where Mr. Sheehan resides and works.

### I.     The Subpoena Violates Fed.  R. Civ. P. 45(c)(1)(A).

This Court must quash the Summons because it violates the geographical limit specified in Fed.  R. Civ. P. 45(c), which states that "[a] subpoena may command a person to attend a trial, hearing, or deposition only as follows … within 100 miles of where the person resides, is employed, or regularly transacts business in person."  If a subpoena fails to meet the criteria set forth in Fed.  R. Civ. P. 45, New York federal courts have the authority to quash such a subpoena.  Specifically, Fed. R. Civ.  P. 45(d)(3)(A)(ii) provides that a court must quash a subpoena if it "requires a person to comply beyond the geographical limits specified in Rule 45(c)."

The Summons at issue here commanded Mr. Sheehan's attendance at a hearing at the offices of Latham & Watkins LLP, located at 1271 Avenue of the Americas, New York, NY 10020.  *See* Exhibit A to the Haney Decl.  But Mr. Sheehan lives and works in Michigan, more than 600 miles from the hearing location, pursuant to the text of the Summons, which lists his address as 2233 Willow Leaf Dr. in Rochester Hills, Michigan.  *See* Exhibit A to the Haney Decl.  Further, Mr. Sheehan has no ties to New York and does not regularly conduct any business there.  For this reason alone, the Summons is improper and should be quashed.

It is noteworthy that the Subpoena also states that Mr. Sheehan may attend the hearing "alternatively via a videoconference platform."  *See* Exhibit A to the Haney Decl.  This accommodation fails to invalidate Fed.  R. Civ. P. 45(c)'s 100-mile limitation, however, as New York courts have held that video testimony cannot "be used to circumvent Rule 45's 100-mile limitation of court's subpoena power."  *See Alessi Equip., Inc. v. Am.  Piledriving Equip., Inc.*, 2022 U.S. Dist. LEXIS 99812, at *2 (S.D.N.Y. Jun.  2, 2022); *Broumand v. Joseph*, 522 F. Supp. 3d 8, 23-24 (S.D.N.Y. 2021); *Ping-Kuo Lin v. Horan Cap. Mgmt., LLC*, 2014 U.S. Dist. LEXIS

4

114631, at *1 (S.D.N.Y. Aug. 13, 2014) ("declining to enforce arbitral subpoena for testimony recorded in Maryland, to be used at hearing in New York City").  Accordingly, the Court should quash the Subpoena in its entirety.

## CONCLUSION

For all the foregoing reasons, Daniel Sheehan respectfully requests that this Court grant his motion to quash the Subpoena and grant such other and further relief as the Court deems appropriate.

Dated: November 18, 2025
      New York, New York

Respectfully submitted,

*/s/ Robert Haney*

Robert Haney, Jr.
Foley Hoag LLP
1301 Avenue of the Americas
New York, NY 10019
Tel: (212) 812-0399
rhaney@foleyhoag.com

*Counsel for Non-Party Daniel Sheehan*